**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAAFIZAH DAVES,<br><br>*Plaintiff*,<br><br>v.<br><br>UBER, "JOHN DOES" 1-7 as fictitious names, true names being unknown, and "ABC CORPS" 1-7 as fictitious names, true names being unknown Defendants.<br><br>*Defendants*. | Civil Action No. 2:21-cv-01253<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is a motion to dismiss the Complaint filed by Defendant Uber Technologies, Inc. ("Uber"). D.E. 3. Plaintiff Haafizah Daves did not file a brief in opposition to the motion. The Court reviewed Defendant's submission[1] and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED.**

I.   **BACKGROUND & PROCEDURAL HISTORY**

Plaintiff Haafizah Daves filed her Complaint in New Jersey state court and Uber removed the matter to this Court on the basis of the Court's diversity jurisdiction, 28 U.S.C. § 1332, on January 27, 2021. D.E. 1.

---

[1] Uber's brief in support of its motion to dismiss will be referred to as "Def. Br.".

Plaintiff alleges that on or about July 10, 2020, she was an Uber passenger in Miami, Florida, in a vehicle driven by an unnamed driver, John Doe.[2] Compl. ¶ 1, D.E. 1-1. The vehicle Plaintiff was riding in was struck by another vehicle, also driven by unknown defendant, John Doe. *Id.* ¶ 2. Plaintiff alleges that Uber and John Does negligently and/or carelessly operated, owned, maintained, controlled and/or supervised the vehicle and as a direct result of this negligence, caused the collision at issue. *Id.* ¶ 3. Plaintiff contends that she was injured as a result Defendants' negligence. *Id.* ¶ 5.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212,

---

[2] The facts are derived from Plaintiff's Complaint, D.E. 1-1. When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III.   ANALYSIS

Uber seeks to dismiss the Complaint because Plaintiff fails to plead any facts to support her negligence claims. *See* Def. Br. at 9. The Court agrees. Plaintiff's Complaint states that her injuries were a direct and proximate result of Defendants' negligence. But there are no facts demonstrating how any Defendant was negligent or explaining how this negligence caused Plaintiff's injuries. Simply claiming that Defendants were negligent, and that this negligence led to the Plaintiff's injuries, is not enough to survive a motion to dismiss. *See Ashcroft*, 556 U.S. at 678.[3]

Accordingly, for the foregoing reasons,

IT IS on this 20th day of July, 2021

**ORDERED** that Defendant's motion to dismiss, D.E. 3, is **GRANTED**; and it is further

---

[3] On July 5, 2021, Plaintiff filed a letter, "[i]n lieu of a more formal motion to amend," asking the Court to accept an attached amended pleading. D.E. 4. At the outset, the Court notes that Plaintiff did not file her request as a motion, which is required by the Federal Rules of Civil Procedure and the Local Civil Rules. *See* Fed. R. Civ. P. 7(b) (stating that "[a] request for a court order must be made by motion"); L. Civ. R. 7.1 (setting forth motion practice requirements for "all motions, regardless of their complexity and the relief sought"). In addition, Plaintiff's letter request was not filed in accordance with Federal Rule of Civil Procedure 15(a)(1). *See* Fed. R. Civ. P. 15(a)(1). As a result, Plaintiff must obtain the Court's leave or her adversary's consent to file an amended pleading. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff does not indicate that any Defendant gave her consent to file an amended pleading. Therefore, Plaintiff must obtain the Court's leave to file her amended pleading. Ordinarily, a court should freely grant leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a cursory review of Plaintiff's proposed Amended Complaint indicates that Plaintiff likely still fails to plead sufficient facts to support her claims for negligence as to Uber. Because of these reasons, the Court will not consider Plaintiff's amended pleading at this time. If Plaintiff files an amended pleading in response to this Opinion and Order, Plaintiff must include sufficient factual allegations to support her claims.

**ORDERED** that dismissal is without prejudice and Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein.  If Plaintiff does not file an amended pleading within that time, this matter will be dismissed with prejudice.

_____
John Michael Vazquez, U.S.D.J.